UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MICHELLE MACKILLOP,<br><br>Plaintiff-Relator<br><br>v.<br><br>GRAND CANYON EDUCATION, INC.; GC EDUCATION INC. F/K/A GRAND CANYON UNIVERSITY, INC.; and GRAND CANYON UNIVERSITY F/K/A GAZELLE UNIVERSITY,<br><br>Defendants. | Civil Action No. 18-CV-11192-WGY<br><br>Hon. William G. Young |

**RELATOR'S MOTION FOR EMERGENCY STATUS CONFERENCE TO ADDRESS DEFENDANTS' PROPOSAL TO WAIVE PRIVILEGE AND ASSERT ADVICE OF COUNSEL DEFENSE AT CLOSE OF FACT DISCOVERY**

Relator Michelle Mackillop ("Relator") requests an emergency status conference to discuss the proposal of the defendants Grand Canyon Education, Inc., GC Education Inc., and Grand Canyon University (collectively, the "Defendants") to make a limited waiver of the attorney-client privilege and to assert an advice of counsel defense just days before the close of fact discovery. Given the effect the proposed waiver would have on fact discovery, Relator requests that the Court either (a) preclude Defendants from asserting an advice of counsel defense at this late stage of the litigation, or (b) extend the fact discovery period by several months (to obtain documents by a date certain and review the same, propound additional discovery requests, take additional depositions, and conduct any motion practice concerning the scope of the waiver), which implicates the expert discovery and dispositive motion deadlines and the pretrial conference date.

As grounds for this request, Relator states as follows:

1

1. On December 7, 2020, the Court entered a scheduling order that, as clarified and agreed to by the parties, set July 28, 2021, as the last day for fact discovery. (Doc. 78.)

2. On January 5, 2021, Defendants served their Rule 26 initial disclosures. (A copy of Defendants' Jan. 5, 2021 Rule 26 disclosures is attached as Exhibit 1.) In response to the requirement at Fed. R. Civ. P. 26(a)(1)(A)(i) that they identify "each individual likely to have discoverable information—along with the subjects of that information" that they "may use to support" their defenses, Defendants identified three people by name and title: Teri Schobinger, Vice President Enrollment Support, Grand Canyon Education, Inc.; Patti Stoner, Vice President Human Resources, Grand Canyon Education, Inc.; and Lori Browning, Chief Accounting Officer, Grand Canyon Education, Inc.

3. On January 8, 2021, Defendants filed their answer to the Second Amended Complaint. (Doc. 87.) They did not list reliance on advice of counsel as a defense.

4. On January 18, 2021, Relator served Defendants with Requests for Production of Documents ("RFPs"). (Doc. 110-1.)

5. On February 17, 2021, Defendants served a Response to Relator's RFPs. (Doc. 110-4.) The Response set forth various general objections, including the following:

> Defendants object to each individual request to the extent that it seeks documents or communications protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Defendants will not produce or provide any privileged materials or information. The inadvertent production of any protected or privileged information or document will not constitute a waiver of Defendants' right to assert any applicable privilege.

(*Id.* at 3.) Further, Defendants specifically objected to numerous RFPs on the ground that the requests sought privileged documents. (*See id. passim.*) For example, RFP 57 sought "documents concerning any claim or defense you assert or will assert in this matter." (Doc. 110-1 at 20 (RFP 57).) Defendants objected, *inter alia*, on the basis of privilege:

> Defendants object to this Request because it is premature and seeks to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure. Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and protections. Subject to and without waiving their general and specific objections, Defendants agree to conduct a reasonable search for responsive materials and to produce such materials from January 1, 2016 to November 30, 3017.

To date, Defendants have not designated any production in response to this RFP. (Ex. 2, Declaration of Chandra Napora ("Napora Decl.").) By way of their February 17 response to Relator's RFPs, Defendants agreed to produce only non-privileged documents. Defendants did not produce a privilege log with their first production of documents (on March 19, 2021) or their February 17, 2021 production.

6. On May 11, 2021, Relator moved to compel responses to certain RFPs and for a date certain for the production of a privilege log. Defendants objected, in part, on the basis that they were not yet required to produce a log. (Doc. 111 at 12, "Where, as here, there is 'a large volume of material . . . involved,' 'the time required to determine what is or is not covered by a privilege claim can be substantial[,]'" *citing In re DOJ Subpoenas to ABC*, 263 F.R.D. 66, 72 (D. Mass. 2009).)

7. On June 21, 2021, the Court partially granted Relator's motion, and, *inter alia*, ordered that Defendants serve their privilege log by the close of discovery. (Doc. 120.)

8. On June 29, 2021, Defendants served their privilege log, which was 84 pages and identified 1008 documents being withheld on the ground that they contain or reflect attorney-client communications. (Ex. 3.) Each entry is described as an "email with attachment(s)," and the log does not make clear whether Defendants withheld only the emails or whether they also withheld the "attachment(s)," so Relator does not know the actual number of documents that Defendants withheld. (*See id.*)

3

9. As of this filing, Defendants made eight productions on the following dates: March 19, 2021; April 23, 2021; June 28, 2021; July 7, 2021; July 13, 2021 (this was the first production made in response to the Court's Order on Relator's motion to compel); July 21, 2021; July 22, 2021; and July 27, 2021. Excluding the July 27 production, which was sent this afternoon and needs to be ingested into Relator's document management system, and excluding the July 22, 2021 production, which purportedly contained documents previously withheld on the basis of privilege, the other productions were comprised of 1,339,082 non-privileged documents.

10. On July 7, 2021, just six business days after serving their 84-page privilege log, Defendants served a supplemental Rule 26 disclosure, with the only change being the addition of "Brian Roberts" (with no title listed) as someone with knowledge "relating to (1) the drafting and development of GCU's compensation plan, and (2) the implementation of GCU's compensation plan." (A copy of Defendants' July 7 Supplemental Rule 26 disclosures is attached as Exhibit 4.)

11. Relator, through counsel, conducted her own inquiry and deduced that Mr. Roberts was likely the then-current general counsel for GCU. (Ex. 2, Napora Decl.) Notwithstanding that Defendants failed to identify Mr. Roberts' title or to inform Relator that they intended to waive any privileges, counsel for Relator noticed Mr. Roberts' deposition on July 13, 2021. (A copy of that notice is attached as Exhibit 5.) Having heard nothing from Defendants about Mr. Roberts or any purported waiver, counsel for Relator contacted counsel for Defendants by telephone on July 15, 2021, asking, through a voicemail message, for both confirmation of Mr. Roberts' identity and his role at GCU, as well as the effect of his identification. (Ex. 2, Napora Decl.)

12. On July 16, 2021, having received no response to the above-described voicemail, counsel for Relator sent an email seeking the same confirmation and demanding the immediate production of all previously withheld documents and a revised privilege log. (A copy of that email

is attached as Exhibit 6.) In the email, counsel for Relator noted that production of those documents should not be difficult, since they had already been isolated and reviewed for the log, and counsel underscored the prejudicial effect of the late-breaking identification of Mr. Roberts—just days before the scheduled depositions of a GCE Director of Operations and of Defendants' CEO and President—without any corresponding communications regarding scope, no document production, and no revised log. (*Id.*) That same day, counsel for Relator sent an email detailing deficiencies in the June 29 privilege log. (A copy of that email is attached here as Exhibit 7.)

13. On July 19, 2021, Defendants served another supplemental Rule 26 disclosure that added "Blain Butner" (with no title listed) as someone with knowledge "relating to legal advice provided regarding the drafting and development of GCU's compensation plan. Mr. Butner may also provide an expert opinion regarding compensation practices in the higher education industry." (A copy of Defendants' July 19 Supplemental Rule 26 disclosures is attached as Exhibit 8.)

14. Fed. R. Civ. P. 26(a)(1)(A)(ii) requires a description of all documents a party "has in its possession, custody, or control" that it "may use to support its claims or defenses." In neither Rule 26 supplement did Defendants identify any documents reflecting advice from counsel. (Ex. 4; Ex. 8.) Defendants' supplemental Rule 26 disclosures did not remove the assertion that the categories they identified were "subject to considerations for privilege…" (*Id.*)

15. On July 21, 2021, Defendants served Defendants' Objections and Responses to Relator's First Set of Interrogatories ("Interrogatory Objections/Responses"). (A copy of the Interrogatory Objections/Responses is attached as Exhibit 9.) In response to Interrogatory No. 14 (which asked Defendants to "[i]dentify any and all individuals involved in the creation, implementation, or approval of compensation plans and/or job expectations that governed Recruiting Employees"), Defendants objected on the basis of "attorney-client privilege, the

attorney work product doctrine, or other applicable privileges and protections" and then identified only two people: Brian Roberts (GCU's general counsel) and Teri Schobinger (a non-attorney). (Ex. 9 at 8.)

16. In response to Interrogatory No. 16 (which asked for the same information as Interrogatory 14, but with regard to Financial Aid Employees), Defendants again objected on the basis of privilege and identified two people: Brian Roberts (GCU's general counsel) and Michelle Nuckols (a non-attorney). (*Id.* at 9.)

17. In response to Interrogatory No. 18, which asked Defendants to "[l]ist any and all defenses you intend to raise in this litigation, and identify and describe the facts and circumstances that form the basis for each defense," Defendants again objected on the basis of privilege and said, "Defendants have stated their anticipated defenses in their Answer to Relator's Second Amended Complaint." (*Id.* at 10.)

18. Interrogatory No. 19 asked:

If you intend to reference communications with counsel in defense of this matter, please describe in detail all discussions (including, but not limited to, the individuals involved in the discussion, the date(s) of the discussions, the method or manner of communications, and the subject matter discussed) and identify all documents that relate to legal advice or legal analysis (involving the compliance requirements of federal tuition assistance/reimbursement programs (including those programs authorized under Title IV, VA regulations, or DOD regulations), the ICB, or the 90/10 Rule) provided by counsel.

In response to this interrogatory, Defendants did not describe any discussions or identify any specific documents, but they did state "that they will produce the documents containing the communications with counsel on which they intend to rely, subject to a limited subject-matter waiver of the attorney client and work product privileges." (*Id.* at 11.) This was the first time (*i.e.*, on July 21, 2021, just four business days before the close of fact discovery) that Defendants put in

6

writing that they would make a "limited subject matter waiver of the attorney-client privilege." (*Id.*) Even then, they did not describe the scope of that proposed waiver. (*Id.*)

19. Late in the day on July 22, 2021—just three business days before the close of fact discovery—Defendants produced 1,251 documents. (A copy of the production cover letter is attached as Exhibit 10.) In their production cover letter, Defendants stated that the production included "the documents that fall under our limited privilege waiver regarding the drafting and design of the UC Compensation Plan."[1] (Ex. 10 at 1.)

20. As of the date of this filing, Defendants have provided no other writing explaining the scope of their purported waiver. (Ex. 2, Napora Decl.)

21. During a telephone call on July 26, 2021, counsel for Defendants said that Defendants intend to waive privilege over all communications relating to the formulation of Defendants' compensation plans. When counsel for Relator asked how that squared with the knowledge Mr. Roberts holds (as Defendants set forth in their supplemental Rule 26 disclosure) and with Defendants' statement in their July 22 production cover letter, counsel for Defendants stated that Defendants intend to waive privilege over all communications relating to the drafting, development, and implementation of Defendants' compensation plans from 2016 forward. Counsel further clarified that the waiver encompassed all compensation plans, not merely the one attached as an exhibit to the Second Amended Complaint. (*Id.*)

22. Only this afternoon—July 27, 2021—did Defendants provide a revised privilege log; the log is 40 pages and contains 518 entries. (A copy of the privilege log and accompanying

---

[1] As Relator was preparing to file the instant motion, Defendants produced yet another batch of documents—approximately 897 pages—that they have identified as "documents that fall under our limited privilege waiver regarding the drafting and design of the SSC Compensation Plan." (A copy of the production letter is attached as Exhibit 13.)

7

cover letter are attached as Exhibit 11.) The July 27 log does not address most of the deficiencies present in the June 29 log. Nor does it contain the "Control Number" field present on the previous log, so Relator is unable to assess what was removed from the prior log and cannot discern a principled basis for the distinction Defendants made between documents over which they claim a retention of privilege and those about which they purport to waive privilege.

23. Many of the July 27 log's entries include communications involving Defendants' in-house attorneys (*e.g.*, Brian Roberts and Daniel Steimel) and outside counsel (*e.g.*, Blain Butner), and approximately one-third of the entries are described as "Confidential attorney-client communication regarding implementation of GCU's compensation plan." (*See* Ex. 11.) Others contain as a description of the basis for the continued privilege assertion that they are "Confidential attorney-client communication regarding design or drafting of GCU's Ground Campus Operations compensation plan." Thus, the revised privilege log offers no assistance in assessing the scope of Defendants' purported waiver (*i.e.*, counsel for Defendants informed counsel for Relators that design, drafting and implementation of the plans was included in their purported subject-matter waiver, yet those remain the bases for the continued assertion of privilege).

24. If Defendants were allowed to assert an advice-of-counsel defense and waive privilege now, Relator would have to review the over-one-thousand documents Defendants previously withheld. Given that Defendants' revised privilege log continues to contain entries involving communications with counsel and concerning the design, drafting, and implementation of the compensation plans at issue; Defendants did not identify in their interrogatory responses that they are asserting an advice of counsel defense or provide a thorough answer regarding discussions and documents in response to Interrogatory Number 19; and Defendants have not yet identified in writing the scope of their purported waiver, the parties almost certainly would have

disputes over the scope of the waiver, and the Court likely would have to, *inter alia*, conduct *in camera* review of documents in order to resolve those disputes. Then, once the exact scope of the waiver was settled, Relator would have to re-take depositions of individuals (as well as the 30(b)(6) depositions of Defendants and, potentially, the deposition of Defendants' auditor, Weworski and Associates) whose documents Defendants previously withheld. Relator also likely would have to take multiple depositions of new witnesses, including inside and outside attorneys whom Defendants only recently identified in their disclosures and whose documents Relator still has not seen. This process likely would take several months and necessarily would require that discovery and dispositive motion deadlines be extended by several months and the pretrial hearing date also be continued.

25. Relator respectfully submits that, given Defendants' deliberate choice to preserve privilege and not to assert an advice-of-counsel defense during almost the entirety of fact discovery, they should be precluded from making any such assertion now. In *United States ex rel. LaCorte v Wyeth*, No. 1:03-cv-12366-DPW (D. Mass.), another False Claims Act case in this District, the defendant similarly attempted a late waiver of attorney-client privilege, albeit after the close of fact discovery, and Judge Woodlock rejected that attempt:

> …the short of it is people make their choices about how they are going to litigate the case. An important choice made by a company like Wyeth early on is, "Are we asserting attorney-client privilege?" They made that choice. They are stuck with that choice. They do not get to change that choice at what is the 11th hour.

(Ex. 12, Transcript of January 8, 2016 Hearing in *Wyeth* at 50.) Although the attempted waiver occurred later in *Wyeth*, the principle is the same: A defendant should not be permitted to waive attorney-client privilege and assert what likely would be its core defense only at the close of fact discovery, when the plaintiff no longer has time to test that defense.

26. In the alternative, to avoid the prejudice attendant to developing fact discovery under the prior assertion of privilege and having that assertion removed as has happened here, Relator would require substantial additional time in fact discovery, as well as close oversight by the Court. *E.g., St.-Gobain Perf. Plastics Corp. v. Advanced Flexible Composites, Inc.*, 2006 U.S. Dist. LEXIS 107937, at *49, n.7 (D. Mass. Oct. 17, 2006) (Hillman, M.J.) (noting that defendant's failure to assert an advice of counsel defense and to provide "a full and complete supplement" to its discovery response could result in an "order compelling [discovery] and associated attorneys' fees, or an order precluding introduction of such information in evidence"); *Nitinol Med. Tech., Inc. v. AGA Med. Corp.*, 135 F.Supp. 2d 212, 215 (D. Mass. 2000) (Dein, M.J.) (ordering that defendant must provide discovery concerning advice of counsel defense unless, within seven days of the court's order, it files written notice that "it does not intend to rely on the advice of counsel in connection with any claim or defense of this action," and that failure to do so would result in preclusion of evidence at trial on any claim or defense of advice of counsel); *U.S. ex rel. Emanuelle v. Medicor Assocs.*, 2014 U.S. Dist. LEXIS 192168, at *22-23 (relying on *Fellowes, Inc. v. Aurora Corp. of Am.*, 2009 U.S. Dist. LEXIS 38768 (N.D. Ill., Apr. 1, 2009) and *Nitinol* to reach conclusion that, within a short timeframe from the Court's order, defendant must inform relator of reliance on advice of counsel defense through a written statement and interrogatory responses or be "precluded from introducing any evidence or relying on any claim or defense of advice of counsel").

27. Relator moved to extend the fact discovery deadline on June 18, 2021. (Doc. 117.) Defendants did not oppose that request, but neither did they identify the impending waiver at issue and the effect that would have on fact discovery and on the Court's schedule. The Court denied Relator's request. (Doc. 119.)

28. In a meet-and-confer conversation concerning the instant motion, counsel for Defendants stated that they do not think Court intervention is required because Defendants are willing to provide Relator with additional documents and depositions beyond the discovery timeframe and limitations set by the Court. Setting aside the prejudice that Relator has suffered as a result of Defendants' choice to effect a partial, undefined waiver of privilege and imply an advice of counsel defense only in the last few days of discovery, Relator respectfully submits that decisions regarding the Court's case management order must be made by the Court, not by Defendants.

29. To that end, and for the reasons set forth herein, Relator seeks an emergency status conference.

Respectfully submitted,
Plaintiff-Relator Michelle Mackillop
By and through her attorneys,

*/s/ Sonya A. Rao*
Christopher R. O'Hara
Massachusetts BBO #548611
Lucia A. Passanisi
Massachusetts BBO #691189
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617)720-2626
cohara@toddweld.com
lpassanisi@toddweld.com

Jeffrey A. Newman, Esq.
Massachusetts BBO # 370450
JEFFREY NEWMAN LAW
One Story Terrace
Marblehead, MA 01945
(617)823-3217 (Telephone)
(781)639-8688 (Facsimile)
jeffrey.newman1@gmail.com

Frederick M. Morgan, Jr. (pro hac vice)

J. Marc Vezina, Esq. (pro hac vice)
Michigan – P76232
Texas – 24000141
Louisiana – 24683
Georgia - 465449
Kelli M. Khalaf (pro hac vice)
Louisiana – 23213
VEZINA LAW GROUP
18 So. Broadway Street
Suite 200
Lake Orion, MI 48362
(248)558-2701 (direct)
(248)232-1581 (fax)
jmv@vezinalaw.com
kkhalaf@vezinalaw.com

Ohio Bar No. 0027687
Sonya A. Rao
Massachusetts BBO #647170
Jonathan M. Lischak (pro hac vice)
Ohio Bar No. 0097669
Morgan Verkamp LLC
35 East Seventh Street, Suite 600
Cincinnati, Ohio 45202
rick.morgan@morganverkamp.com
sonya.rao@morganverkamp.com
jonathan.lischak@morganverkamp.com

Dated: July 27, 2021

## LOCAL RULE 7.1 CERTIFICATION

Counsel for Relator conferred with counsel for Defendants concerning this motion, and counsel for Defendants indicated that they do not assent to this motion.

*/s/ Sonya A. Rao*
Sonya A. Rao

## CERTIFICATE OF SERVICE

I, Sonya A. Rao, hereby certify that on this day July 27, 2021, I filed the foregoing document using the Court's CM/ECF system, resulting in service on all counsel of record in this matter.

*/s/ Sonya A. Rao*
Sonya A. Rao