UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHELLE MACKILLOP,<br><br>  Plaintiff-Relator<br><br>v.<br><br>GRAND CANYON EDUCATION, INC.; GC EDUCATION INC. F/K/A GRAND CANYON UNIVERSITY, INC.; and GRAND CANYON UNIVERSITY F/K/A GAZELLE UNIVERSITY,<br><br>  Defendants. | Civil Action No. 18-CV-11192-WGY<br><br>Hon. William G. Young |

## DECLARATION OF CHANDRA NAPORA

Chandra Napora, for her declaration pursuant to 28 U.S.C. § 1746, hereby states as follows:

1. I am a resident of Ohio and over 18 years old.

2. I am an attorney with Morgan Verkamp LLC, and I am an attorney of record for relator Michelle Mackillop ("Relator") in the above-captioned case.

3. I make this declaration in support of Relator's Motion for Emergency Status Conference to Address Defendants' Proposal to Waive Privilege and Assert Advice of Counsel Defense at Close of Fact Discovery (the "Motion").

4. On January 18, 2021, Relator served defendants Grand Canyon Education, Inc., GC Education Inc., and Grand Canyon University (collectively, the "Defendants") with Requests for Production of Documents ("RFPs"). RFP 57 sought "documents concerning any claim or defense you assert or will assert in this matter." To date, Defendants have not designated any of their document production as responsive to RFP 57.

5.  When Defendants identified Brain Roberts on July 7, 2021 on a supplemental Rule 26 disclosure without a title or context, we undertook our own inquiry to understand who he is and why Defendants may believe he holds knowledge relevant to their defenses. On July 15, 2021, I left counsel for Defendants a voicemail seeking confirmation of the identity of Brian Roberts, information about Mr. Roberts's role at GCU, and the effect of his identification in the supplemental disclosures. I did not receive a call back, so I followed up with an email on July 16, 2021.

6.  Other than a production cover letter dated July 22, 2021, in which Defendants stated that the production included "the documents that fall under our limited privilege waiver regarding the drafting and design of the UC Compensation Plan," Defendants have not provided a written explanation of the scope of their purported waiver of attorney-client privilege.

7.  I participated in a telephone meet-and-confer with counsel for Defendants on July 26, 2021 during which we discussed the Motion and other outstanding discovery issues. During that conference, counsel for Defendants said that Defendants intend to waive privilege over all communications relating to the formulation of Defendants' compensation plans. When I asked how that squared with the knowledge Mr. Roberts holds (as Defendants set forth in their supplemental Rule 26 disclosure) and with the only written statement on scope to date (the July 22 production letter describing the purported limited waiver as encompassing communications regarding "the drafting and design of the UC Compensation Plan"), counsel for Defendants agreed that Defendants intend to waive privilege over all communications relating to the drafting, development, and implementation of Defendants' compensation plans from 2016 forward. Counsel for defendants further clarified that the waiver encompassed all compensation plans, not merely the UC compensation plan attached as an exhibit to the Second Amended Complaint.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 27th day of July 2021.

/s/ Chandra Napora  
Chandra Napora  
Counsel for Relator Michelle Mackillop