## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHELLE MACKILLOP § § § Plaintiff-Relator § § § v. § § GRAND CANYON UNIVERSITY, INC.; GC § EDUCATION INC. F/K/A GRAND CANYON § EDUCATION, INC.; and GRAND CANYON § UNIVERSITY F/K/A GAZELLE § UNIVERSITY § § Defendants | Civil Action No. 18-CV-11192-WGY  Hon. William G. Young |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO RELATOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants GC Education, Inc., Grand Canyon Education, Inc., and Grand Canyon University (collectively "Defendants" or "Grand Canyon") respond to Relator Michelle Mackillop's ("Relator") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated by reference in each response to Relator's First Set of Interrogatories. Defendants' specification of one or more objections in a given responses is not intended to preclude the applicability of any other General Objection set forth below:

1. Defendants object to each individual Interrogatory to the extent that it purports to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, or other applicable law.

2. Defendants object to each individual Interrogatory to the extent that it seeks documents and communications that are publicly available or already in the possession, custody, or control of Relator and thus can be obtained in a more convenient, less burdensome, and less expensive manner.

3.     Defendants object to each individual Interrogatory to the extent that it seeks documents or communications protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Defendants will not produce or provide any privileged materials or information except to the extent such materials or information fall within the scope of Defendants' limited subject matter waiver of the attorney-client privilege. The inadvertent production of any protected or privileged information or document will not constitute a waiver of Defendants' right to assert any applicable privilege.

4.     None of Defendants' responses or objections is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials, or information, or the truth or accuracy of any statement or characterization contained in Relator's First Set of Interrogatories.

5.     The fact that Defendants have answered part or all of any Interrogatory is not intended to and shall not be construed as a waiver by Defendants of any part of any objection to any request.

6.     Defendants object to Relator's First Set of Interrogatories to the extent they seek proprietary, trade secret, or other confidential information, including information protected from discovery by applicable law, including but not limited to information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 C.F.R. Part 99. Defendants will produce non-privileged documents as set forth herein subject to the agreed-upon protective order.

7.     Pursuant with the Court's Order on Relator's Motion to Compel (Dkt. 120), Defendants will provide responsive information for the time period of January 1, 2016 through present. Defendants object to Relator's First Set of Interrogatories to the extent they seek information pre-dating this time period.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Defendants object to the definition of "You," "your," or "Defendant(s)" to the extent those definitions include "any and all of [any Defendant's] current or former successors, predecessors, direct or indirect subsidiaries, facilities, affiliates, divisions, groups, operations, units, and . . . present or former officers, directors, employees, servants, attorneys, consultants, contractors, agents, members of the board of directors, or other representatives or agents, including third-parties, acting or to act on behalf of [any Defendant] or under [any Defendant's] control." Defendants will interpret "You," "your," or "Defendant(s)" to refer to Grand Canyon Education, Inc., GC Education, Inc. f/k/a Grand Canyon University, Inc., and Grand Canyon University f/k/a Gazelle University only.

2.     Defendants object to the definition of "Employees" because it purports to cover "third-party servicers," who are not employees of any Defendant. Defendants will interpret "Employees" to refer to W-2 employees of any Defendant.

3. Defendants object to the definition of "Recruiting Employees" to the extent that definition is inconsistent with regulatory or statutory authority. Defendants will interpret "Recruiting Employees" to refer only to University Counselors, who are engaged in any student recruiting or admission activities, as codified in 20 U.S.C. § 1094(a)(20) and 34 C.F.R. § 668.14(b)(22), and are covered by the University Counselor Compensation Plan attached as Exhibit 1-B to the SAC.

4. Defendants object to the definition of "Financial Aid Employees" to the extent that definition is inconsistent with regulatory or statutory authority. Defendants will interpret "Financial Aid Employees" to refer only to Student Services Counselors. By providing information about Student Services Counselors, Defendants do not intend to suggest or imply that these employees are covered by the Incentive Compensation Ban.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the name, address, telephone number, and position of each person answering or assisting in answering Interrogatories or Requests for Production served by Relator in this matter, and, with respect to each such person, identify by number the discovery request(s) about which the person provided information or assistance.

### RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and protections. Defendants also object to the request to "identify by number the discovery request(s) about which the person provided information or assistance" as outside of the scope of what is required by the Federal Rules and is unduly burdensome as some individuals provided documents presumably responsive to more than one Request. Subject to and without waiving their general and specific objections, Defendants identify the following persons, all of whom can be contacted through counsel:

| Name |
|---|
| Addington, Daniel |
| Arnold, Chris |
| Chaney, Julie |
| Engstrom, Eric |
| Graf, Kim |
| Leonard, Trish |
| Manrod, Mike |
| Nuckols, Michelle |
| Schobinger, Teri |
| Steele, Katie |
| Walley, Karlee |
| West, Junette |
| *Various members of in-house legal team* |

### INTERROGATORY NO. 2:

Identify each person employed by you, or contracted by you, during the relevant time period, who has been responsible for ensuring compliance with the legal requirements of the rules and regulations concerning federal tuition assistance/reimbursement programs (including those programs authorized under Title IV, VA regulations, or DOD regulations), including compliance with the False Claims Act, the ICB, or the 90/10 Rule.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for the identity of employees "responsible for" certain activities. Defendants also object to this Interrogatory because it seeks the discovery of information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. For example, it is unclear how information related to the 90/10 rule is relevant to the question of whether GCU's 2016 University Counselor Compensation Plan complies with the Incentive Compensation Ban. Subject to and without waiving their general and specific objections, Defendants identify the following persons who are responsible for ensuring compliance with the legal requirements of the rules and regulations concerning the ICB: Trish Leonard (GCU), Brian Roberts (GCU), Chris Arnold (GCE), Michelle Nuckols (GCE), Eric Engstrom (GCE), and Dan Steimel (GCE).

**INTERROGATORY NO. 3:**

Identify all factors considered and the weight of each factor considered by Defendants when reviewing the performance of Recruiting Employees (or any other employee tasked with recruiting students for enrollment) for purposes of determining whether that Employee will receive any salary increase or promotion, or a salary decrease or demotion. Your response should include any expectations concerning enrollment numbers that factor into the above-described review.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "all factors considered" when reviewing the performance of Recruiting Employees. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000291 (University Counselor Compensation Plan; Rev. February 1, 2017); GRANDCANYON_00000298 (University Counselor Compensation Plan; Rev. April 1, 2017); GRANDCANYON_00000305 (University Counselor Compensation Plan; Rev. May 1, 2017); GRANDCANYON_03009245 (University Counselor Compensation Plan; Rev. May 1, 2018); GRANDCANYON_02737991 (University Counselor Compensation Plan; Rev. July 1, 2018); GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); and GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018).

**INTERROGATORY NO. 4:**

Identify all factors considered and the weight of each factor considered by Defendants when reviewing the performance of Recruiting Employees (or any other employee tasked with recruiting students for enrollment) for purposes of determining whether that Employee should be placed on (or taken off of) a Corrective Action Plan or Process ("CAP"), demoted, and/or terminated from his/her position. Your response should include any expectations concerning enrollment numbers that factor into the above-described review.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "all factors considered" when reviewing the performance of Recruiting Employees. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000291 (University Counselor Compensation Plan; Rev. February 1, 2017); GRANDCANYON_00000298 (University Counselor Compensation Plan; Rev. April 1, 2017); GRANDCANYON_00000305 (University Counselor Compensation Plan; Rev. May 1, 2017); GRANDCANYON_03009245 (University Counselor Compensation Plan; Rev. May 1, 2018); GRANDCANYON_02737991 (University Counselor Compensation Plan; Rev. July 1, 2018); GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_ 03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018); GRANDCANYON_00000070 (GCU 2016 Employee Handbook); GRANDCANYON_00000371 (GCU 2017-18 Employee Handbook); and GRANDCANYON_02738025 (GCE 2018-19 Employee Handbook).

**INTERROGATORY NO. 5:**

Identify all factors considered and the weight of each factor considered by Defendants when reviewing the performance of Financial Aid Employees (or any other employee tasked with recruiting students for enrollment) for purposes of determining whether that Employee will receive any salary increase or promotion, or a salary decrease or demotion. Your response should include any expectations concerning enrollment numbers that factor into the above-described review.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "all factors considered" when reviewing the performance of Financial Aid Employees. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Dec. 3, 2018); and GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019).

**INTERROGATORY NO. 6:**

Identify all factors considered and the weight of each factor considered by Defendants when reviewing the performance of Financial Aid Employees (or any other employee tasked with recruiting students for enrollment) for purposes of determining whether that Employee should be placed on (or taken off of) a CAP, demoted, and/or terminated from his/her position. Your response should include any expectations concerning enrollment numbers that factor into the above-described review.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "all factors considered" when reviewing the performance of Financial Aid Employees. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Dec. 3, 2018); GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019); GRANDCANYON_00000070 (GCU 2016 Employee Handbook); GRANDCANYON_00000371 (GCU 2017-18 Employee Handbook); and GRANDCANYON_02738025 (GCE 2018-19 Employee Handbook). Additionally, Defendants are producing CAPs for Student Services Counselors.

**INTERROGATORY NO. 7:**

Identify the Defendants' policies and practices concerning circumstances in which an Employee did not meet expected numbers of recruited or enrolled students within a particular timeframe, including without limitation, whether Defendants would take adverse employment action (e.g., placement on a CAP, salary decrease, or termination) or whether the Employee was promoted and/or received a salary increase.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for policies and practices "concerning circumstances" in which an "Employee" did not meet expected numbers of recruited or enrolled students. Relator has broadly defined Employees to include former and current employees who had no involvement with enrollment. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_ 03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018); GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation

4

Plan; Rev. Dec. 3, 2018); and GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019).

**INTERROGATORY NO. 8:**

During the relevant time period, describe all policies in place regarding Recruiting Employees' salary increases and promotions, including in this response: (a) the category of Recruiting Employee impacted (i.e., UC, ECM, RDO, etc.); (b) the time period during which each policy was in place; (c) any salary increases and changes thereto; (d) whether promotions and/or salary increases entailed in whole or in part an increase in the numbers of students enrolled and/or course completions.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "all policies in place" regarding Recruiting Employees' salary increases and promotions. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000291 (University Counselor Compensation Plan; Rev. February 1, 2017); GRANDCANYON_00000298 (University Counselor Compensation Plan; Rev. April 1, 2017); GRANDCANYON_00000305 (University Counselor Compensation Plan; Rev. May 1, 2017); GRANDCANYON_03009245 (University Counselor Compensation Plan; Rev. May 1, 2018); GRANDCANYON_02737991 (University Counselor Compensation Plan; Rev. July 1, 2018); GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_ 03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); and GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018).

**INTERROGATORY NO. 9:**

During the relevant time period, describe all policies in place regarding Financial Aid Employees' salary increases and promotions, including in this response: (a) the category of Financial Aid Employee impacted (i.e., SSC, SSA, SSM, etc.); (b) the time period during which each policy was in place; (c) any salary increases and changes thereto; (d) whether promotions and/or salary increases entailed in whole or in part an increase in the numbers of students enrolled and/or course completions.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "all policies in place" regarding Financial Aid Employees' salary increases and promotions. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*,

5

GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Dec. 3, 2018); and GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019).

**INTERROGATORY NO. 10:**

During the relevant time period, did Defendants have increasing expectations regarding the number of students Recruiting Employees were expected to enroll based solely upon Recruiting Employees' years of service? If you answer in the negative, explain your basis for doing so. Include in your response whether a third year counselor is expected to recruit more than a second year counselor and what those expectations are.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for information regarding "increasing expectations." Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000291 (University Counselor Compensation Plan; Rev. February 1, 2017); GRANDCANYON_00000298 (University Counselor Compensation Plan; Rev. April 1, 2017); GRANDCANYON_00000305 (University Counselor Compensation Plan; Rev. May 1, 2017); GRANDCANYON_03009245 (University Counselor Compensation Plan; Rev. May 1, 2018); GRANDCANYON_02737991 (University Counselor Compensation Plan; Rev. July 1, 2018); GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_ 03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); and GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018).

**INTERROGATORY NO. 11:**

During the relevant time period, did Defendants have increasing expectations regarding the number of students Financial Aid Employees were expected to enroll based solely upon Financial Employees' years of service? If you answer in the negative, explain your basis for doing so.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for information regarding "increasing expectations." Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Dec. 3, 2018); and GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019).

**INTERROGATORY NO. 12:**

During the relevant time period, did Defendants offer and/or provide merit raises or bonuses to Recruiting Employees based in whole or in part on whether the Recruiting Employee met or exceeded an expected student enrollment number or percentage of student enrollment goal? If you respond in the negative, please explain your basis for doing so. If this practice existed at some point and was terminated, please identify the time period(s) during which this practice was in place. This Interrogatory specifically includes all management or supervisory positions, such as presidents, vice presidents, assistant vice presidents, directors, or assistant directors.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for information regarding whether Defendants offered merit raises or bonuses "based in whole or in part on whether Recruiting Employee met or exceeded an expected student enrollment number or percentage of student enrollment goal." It is unclear was Relator is requesting. Subject to and without waiving their general and specific objections, Defendants state that they do not provide raises or bonuses based on student enrollment numbers. Additionally, pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000291 (University Counselor Compensation Plan; Rev. February 1, 2017); GRANDCANYON_00000298 (University Counselor Compensation Plan; Rev. April 1, 2017); GRANDCANYON_00000305 (University Counselor Compensation Plan; Rev. May 1, 2017); GRANDCANYON_03009245 (University Counselor Compensation Plan; Rev. May 1, 2018); GRANDCANYON_02737991 (University Counselor Compensation Plan; Rev. July 1, 2018); GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_ 03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); and GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018).

**INTERROGATORY NO. 13:**

During the relevant time period, did Defendants offer and/or provide merit raises or bonuses to Financial Aid Employees based in whole or in part on whether the Financial Aid Employee met or exceeded a set student enrollment number or percentage of student enrollment goal? If you respond in the negative, please explain your basis for doing so. If this practice existed at some point and was terminated, please identify the time period(s) during which this practice was in place. This Interrogatory specifically includes all management or supervisory positions, such as presidents, vice presidents, assistant vice presidents, directors, or assistant directors.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for information regarding whether Defendants offered merit raises or bonuses "based in whole or in part on whether Financial Aid Employees met or exceeded an expected student enrollment number or percentage of student enrollment goal." It is unclear

was Relator is requesting. Subject to and without waiving their general and specific objections, Defendants state that they do not provide raises or bonuses based on student enrollment numbers. Additionally, pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Dec. 3, 2018); and GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019).

**INTERROGATORY NO. 14:**

Identify any and all individuals involved in the creation, implementation, or approval of compensation plans and/or job expectations that governed Recruiting Employees.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and protections. Defendants also object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "any and all individuals" involved in the creation, implementation, or approval of compensation plans and/or job expectations that governed Recruiting Employees, regardless of the extent of their involvement. Subject to and without waiving their general and specific objections, Defendants identify the following GCU and GCE employees with primary responsibility for the creation, implementation, and approval of compensation plans for Recruiting Employees: Brian Roberts, Teri Schobinger.

**INTERROGATORY NO. 15:**

During the relevant time period, describe all changes to the compensation plans and/or job expectations that governed Recruiting Employees, identifying in your response: (a) which category of Recruiting Employee was impacted (i.e., UC, ECM, RDO, etc.); and (b) what changes were implemented (i.e., when employees could be promoted; what qualifications were needed to receive a promotion; creating different levels or tiers; decreasing dial/talk time requirements; telecommuting; whether first course or second course completions were considered, etc.).

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for information regarding "all changes to the compensations plans and/job expectations" governing Recruiting Employees. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_00000291 (University Counselor Compensation Plan; Rev. February 1, 2017); GRANDCANYON_00000298 (University Counselor Compensation Plan; Rev. April 1, 2017); GRANDCANYON_00000305 (University Counselor Compensation Plan; Rev. May 1, 2017); GRANDCANYON_03009245 (University Counselor Compensation Plan; Rev. May 1, 2018); GRANDCANYON_02737991 (University Counselor Compensation Plan; Rev. July 1,

8

2018); GRANDCANYON_00000312 (University Counselor Job Expectations; Rev. Jan. 19, 2017); GRANDCANYON_00000321 (University Counselor Job Expectations; Rev. May. 1, 2017); GRANDCANYON_ 03009252 (University Counselor Job Expectations; Rev. May. 1, 2018); and GRANDCANYON_02737999 (University Counselor Job Expectations; Rev. July 1, 2018).

**INTERROGATORY NO. 16:**

Identify any and all individuals involved in the creation, implementation, or approval of compensation plans and/or job expectations that governed Financial Aid Employees.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and protections. Defendants also object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for "any and all individuals" involved in the creation, implementation, or approval of compensation plans and/or job expectations that governed Financial Aid Employees, regardless of the extent of their involvement. Subject to and without waiving their general and specific objections, Defendants identify the following GCU and GCE employees with primary responsibility for the creation, implementation, and approval of compensation plans for Financial Aid Employees: Brian Roberts and Michelle Nuckols.

**INTERROGATORY NO. 17:**

During the relevant time period, describe all changes to the compensation plans and/or job expectations that governed Financial Aid Employees, identifying in your response: (a) which category of Financial Aid Employee was impacted (i.e., SSC, SSA, SSM, etc.); and (b) what changes were implemented (i.e., when employees could be promoted; what qualifications were needed to receive a promotion; creating different levels or tiers; decreasing dial/talk time requirements; telecommuting; whether first course or second course completions were considered, etc.).

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous in its request for information regarding "all changes to the compensations plans and/job expectations" governing Financial Aid Employees. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents from which this information can be derived. *See, e.g.*, GRANDCANYON_03012210 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Jan. 25, 2017); GRANDCANYON_02737963 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Dec. 3, 2018); and GRANDCANYON_02740174 (Student Services Counselor Job Expectations & Compensation Plan; Rev. Mar. 1, 2019).

9

**INTERROGATORY NO. 18:**

List any and all defenses you intend to raise in this litigation, and identify and describe the facts and circumstances that form the basis for each defense.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to this Interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work product doctrine. Defendants also object on the grounds that this Interrogatory is premature, as Defendants' investigation is on-going. Defendants reserve the right to raise additional defenses. Subject to and without waiving their general and specific objections, Defendants state as follows: Defendants have stated their anticipated defenses in their Answer to Relator's Second Amended Complaint. These defenses are self-explanatory.

GCU utilizes a tenure-based compensation plan that does not violate that Incentive Compensation Ban ("ICB"). The Higher Education Act prohibits colleges from "providing any commission, bonus, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any persons or entities engaged in any student recruiting." 20 U.S.C. § 1094(a)(20). Under GCU's plan, for the first three years of employment, University Counselors receive salaries based on their length of employment with the school. Level 3 counselors who do not move to level 4 and level 4 counselors are eligible for a small merit increase based on a uniform rating scale and the rating the Counselor receives in his/her Annual Performance Evaluation, without regard to employee success in securing student enrollments or the number of students recruited, admitted, enrolled, started or retained for any period of time shorter than the student's completion of the program. Student Service Counselors are not covered employees under the ICB. Their levels are based on tenure and the number of active students they support. GCU's plans contain expectations related to enrollment and permits the school to discipline counselors based on poor performance. The ICB, however, does not prohibit adverse employment actions.

The language of GCU's compensation plans foreclose Relator's claims. Moreover, GCU did not submit any false claims or make or use any false statements that were material to false claims. To the extent any of GCU's actions violated the ICB, which they did not, no such violations occurred knowingly. Substantive revisions to GCU's compensation plans were implemented with the advice of counsel. GCU devoted extensive resources to ensure its plan complied with the law. GCU also reasonably relied on analysis from caselaw reported from the Ninth Circuit. *See*, *e.g.*, *U.S. ex rel. Lee v. Corinthian Colls.,* 655 F.3d 984 (9th Cir. 2011).

Additionally, any deficient claims allegedly made by Defendants were immaterial and did not have the natural tendency to influence or were not capable of influencing the Government's decision to pay a claim. The Government has not been deceived by any act of Defendants, and it has not relied on any alleged false statements or certifications made by Defendants. Consequently, neither the Government nor the United States has suffered any injury as a result of Defendants' actions.

10

**INTERROGATORY NO. 19:**

If you intend to reference communications with counsel in defense of this matter, please describe in detail all discussions (including, but not limited to, the individuals involved in the discussion, the date(s) of the discussions, the method or manner of communications, and the subject matter discussed) and identify all documents that relate to legal advice or legal analysis (involving the compliance requirements of federal tuition assistance/reimbursement programs (including those programs authorized under Title IV, VA regulations, or DOD regulations), the ICB, or the 90/10 Rule) provided by counsel.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to this Interrogatory because it seeks the discovery of information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. For example, it is unclear how documents related to the 90/10 rule are relevant to the question of whether GCU's 2016 University Counselor Compensation Plan complies with the Incentive Compensation Ban. Subject to and without waiving their general and specific objections, Defendants state that they will produce the documents containing the communications with counsel on which they intend to rely, subject to a limited subject-matter waiver of the attorney client and work product privileges.

**INTERROGATORY NO. 20:**

Identify all persons whom you intend to call as an expert witness at trial, stating as to each such expert witness: (a) a complete statement of all opinions the expert witness will express and the basis and reasons for them; (b) the facts or data considered by the expert witness in forming them; (c) any exhibits that will be used to summarize or support them; (d) the expert witness's qualifications, including a list of all publications authored in the previous 10 years; and (e) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (f) a statement of the compensation to be paid for the study and testimony in the case.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendants objects to this Interrogatory to the extent it seeks information protected from discovery by the work product doctrine. Subject to and without waiving their general and specific objections, Defendants respond as follows: Defendants have not yet determined whom they intend to call as expert witnesses at trial but will provide that information at such time as may be required by the scheduling order in this case.

**INTERROGATORY NO. 21:**

Identify all persons whom you intend to call as a witness at trial in this matter.

**RESPONSE TO INTERROGATORY NO. 21:**

11

Defendants objects to this Interrogatory to the extent it seeks information protected from discovery by the work product doctrine. Subject to and without waiving their general and specific objections, Defendants respond as follows: Defendants have not yet determined whom they intend to call as witnesses at trial but will provide that information at such time as may be required by the scheduling order in this case.

**INTERROGATORY NO. 22:**

For each calendar year during the relevant time period, provide the number of online students who: (a) failed their first course; (b) failed their second course; (c) voluntarily withdrew from the program or course; (d) failed to start; or (e) were involuntarily terminated or asked to leave the program or course for failing to meet the grade requirements.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendants object to this Interrogatory because it seeks the discovery of information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. It is unclear how information regarding the performance of online students is relevant to the question of whether GCU's 2016 University Counselor Compensation Plan complies with the Incentive Compensation Ban.

**INTERROGATORY NO. 23:**

Please state the percentage of Grand Canyon University students who utilized Title IV funding from the U.S. Government on a year by year basis for the relevant time period.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendants object to this Interrogatory because it seeks the discovery of information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. It is unclear how the percentage of Grand Canyon University students who utilized Title IV funding from the U.S. Government is relevant to the question of whether GCU's 2016 University Counselor Compensation Plan complies with the Incentive Compensation Ban. Subject to and without waiving their general and specific objections, Defendants state that pursuant to Fed. R. Civ. Pro. 33(d), Defendants have produced responsive documents regarding Title IV funding. *See, e.g.*, GRANDCANYON_03015425.

**INTERROGATORY NO. 24:**

Identify all employees, representatives, and/or contractors of Defendants who selected any of the audit files of Defendants' enrollment counselors for Weworski and Associates, Inc. to review in connection with Weworksi and Associates, Inc.'s work on the annual U.S. Department of Education audit to determine compliance with the Title IV's Incentive Compensation Ban.

**RESPONSE TO INTERROGATORY NO. 24:**

      Defendants objects to this Interrogatory to the extent it seeks information protected from discovery by the work product doctrine. Defendants further object to this Interrogatory as overbroad because it seeks "all employees, representatives, and/or contractors of Defendants who selected any of the audit files" of "enrollment counselors" for review by Weworski.   Defendants are willing to meet and confer regarding this request.

This 21st day of July, 2021.

                                            /s/ Derin B. Dickerson
                                            DERIN B. DICKERSON
                                            Ga. Bar # 220620
                                            JASON D. POPP
                                            Ga. Bar # 213057
                                            ALSTON & BIRD LLP
                                            1201 W. Peachtree Street
                                            Atlanta, GA  30309-3424
                                            Telephone:  404-881-7000
                                            Facsimile: 404-253-8567
                                            derin.dickerson@alston.com
                                            jason.popp@alston.com

                                            ALOKE CHAKRAVARTY
                                            SNELL & WILMER
                                            1200 Seventeenth Street
                                            Suite 1900
                                            Denver, CO 80202-5854
                                            Telephone: 303-634-2121
                                            achakravarty@swlaw.com

                                            *Attorneys for Defendants Grand Canyon*
                                            *University, Grand Canyon Education, Inc.*
                                            *and GC Education, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day a true and correct copy of the within and foregoing was served on all counsel of record via electronic mail.

      On this 21st day of July, 2021.

                                        /s/ Derin B. Dickerson
                                        Derin B. Dickerson