# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle MacKillop,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Grand Canyon University Incorporated, et al.,<br><br>　　　　Defendants. | No. CV-23-00467-PHX-DWL<br><br>**ORDER SETTING TRIAL AND FINAL PRETRIAL CONFERENCE** |

**IT IS ORDERED** that the trial is set to begin on <u>**October 14, 2025**</u>, and the anticipated end date is October 24, 2025. The trial will be held from 9:00 to 4:30 p.m. Tuesdays through Fridays in Courtroom 601, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003.

**IT IS FURTHER ORDERED** that pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, a Final Pretrial Conference shall be held on <u>**September 30, 2025 at 10:00 a.m.**</u> In preparation for the Final Pretrial Conference, it is hereby ordered:

　　　1.　　<u>Attendance Required</u>. The attorneys (or *pro se* parties) who will be responsible for the trial of the case must attend the Final Pretrial Conference. The attendees must bring their calendars so trial scheduling can be discussed.

　　　2.　　<u>Proposed Final Pretrial Order</u>.

　　*Timing*: The parties must jointly prepare a Proposed Final Pretrial Order and file it with the Court at least three business days before the Final Pretrial Conference. The parties must exchange drafts of the Proposed Final Pretrial Order no later than 14 days

before the submission deadline. The Plaintiff(s) has the burden of initiating such communications. The parties also must submit a copy of the Proposed Final Pretrial Order to the Court in Word format to lanza_chambers@azd.uscourts.gov.

*Effect*: Preparation and lodging of the Proposed Final Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure.

*Content*: The Proposed Final Pretrial Order must include the information prescribed in the "Joint Proposed Final Pretrial Order" form that is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Dominic W. Lanza. The information may not be set forth in the form of a question and must be presented in concise narrative statements.

3. <u>Marking of Exhibits</u>. The parties must meet in person to exchange marked copies of all exhibits to be used at trial no later than 14 days before the submission deadline for the Proposed Final Pretrial Order. During this meeting, the parties also must eliminate any duplicate exhibits.[1] Further information about the Court's exhibit marking procedures can be found in the document entitled "Exhibit Procedures," which is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Dominic W. Lanza.

4. <u>Preclusion of Undisclosed Matters</u>. The parties are advised that the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice.

5. <u>Motions in Limine</u>. The parties must file all motions in limine no later than

---

[1] During the in-person meeting, the exhibits must be in the exact physical form that will be used at trial. In other words, if a party intends to offer a paper exhibit at trial, that party must have a marked paper copy at the in-person meeting, not an electronic copy. Also, the parties should mark their exhibits exactly as they intend to offer them at trial. During trial, exhibits will be admitted or rejected in their entirety. Thus, if any part of an exhibit is objectionable, it will be excluded in its entirety. The parties will not be permitted to break offered exhibits into admissible sub-parts if an objection is sustained.

**September 2, 2025**.  Each party may file no more than five motions in limine. Responses must be filed no later than **September 16, 2025**.  No replies are permitted. Each motion in limine must include proposed language for the order being sought from the Court, and the proposed language must state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. The motions and responses must be concise and must not exceed three (3) pages in length.  Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

The Court wishes to emphasize that, in its experience, motions in limine are often utilized improperly.  The point of a motion in limine is "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  Thus, it might be permissible for a party to seek a pretrial ruling as to the admissibility of a particular piece of evidence out of concern that the evidence is not only inadmissible but also inherently prejudicial, such that the bell could not be unrung even if an evidentiary objection were made and sustained a trial.  In contrast, motions in limine "should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Lankford v. Taylor*, 2020 WL 6395294, *3 (D. Ariz. 2020) (citation omitted).  *See also Manion v. Ameri-Can Freight Sys. Inc.*, 2019 WL 3718951, *4 (D. Ariz. 2019) ("The point of the motion in limine process is to simplify matters for trial, not create needless complication."). Additionally, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

For these reasons, the Court's experience is that trial memoranda often serve as a better vehicle than motions in limine for parties to address anticipated evidentiary issues. Because trial memoranda are not subject to the page limits applicable to motions in limine, the parties are free to use them to brief, in advance of trial, their position as to the admissibility of particular pieces of evidence (or categories of evidence).  Additionally,

trial memoranda may be used to brief other types of issues that are anticipated to arise at trial, such as claims related to the sufficiency of the evidence. The Court thus encourages the parties to give careful thought to whether issues that might be raised in a motion in limine would be better raised in a trial memorandum.

      6. <u>Other Case-Related Documents</u>. The parties must—by the deadline for filing the Proposed Final Pretrial Order—file the following documents (and submit copies of these documents in Word format to the chambers email address):

      a. A stipulated joint statement of the case, which will be read to the jury.

      b. A proposed set of voir dire questions. To the extent possible, the parties should stipulate to the proposed questions. If the parties have any disagreement about a particular question, they must state the reason for their objection below the question.

      c. A joint master list of the names of every witness who may be called at trial, to be used during voir dire.

      d. Proposed forms of verdict, including any proposed special verdict forms or juror interrogatories.

      e. A joint list of proposed jury instructions. The joint list must contain the following four sections:

      (1) A list of all applicable Ninth Circuit Model Civil Jury Instructions, which are available at http://www3.ce9.uscourts.gov/jury-instructions/model-civil. If a model instruction is requested by both parties, the instruction shall be preceded by "ST" (stipulated-to). If the instruction is requested by only one party, the instruction shall be preceded by either "PL" (Plaintiff) or "DF" (Defendant).

  (2) Any non-model instructions to which the parties have stipulated, with only one instruction per page.

  (3) Any non-model instructions requested by Plaintiff (numbered consecutively), with only one instruction per page. Plaintiff shall include citation to authority to support the requested instruction. Defendant shall state all objections to such instruction immediately following the instruction and Plaintiff's authority. Defendant shall support any objection with citation to authority. If Defendant offers an alternative instruction, such alternative instruction shall immediately follow Defendant's objection.

  (4) Any non-model instructions requested by Defendant (numbered consecutively), with only one instruction per page. Defendant shall include citation to authority to support the requested instruction. Plaintiff shall state all objections to such instruction immediately following the instruction and Defendant's authority. Plaintiff shall support any objection with citation to authority. If Plaintiff offers an alternative instruction, such alternative instruction shall immediately follow Plaintiff's objection.

  7. <u>Settlement Discussions</u>: The parties must be prepared to advise the Court at the Final Pretrial Conference of the status of settlement discussions. Should settlement be reached at any time, the parties must promptly file a Notice of Settlement with the Clerk of the Court.

  8. <u>Information for Court Reporter</u>. To facilitate the creation of an accurate record, please prepare a "Notice to Court Reporter" one week before the Final Pretrial Conference containing the following information:

  a. Proper names, including those of witnesses.

|   |   |   |
|---|---|---|
| b. | Acronyms. |
| c. | Geographic locations. |
| d. | Technical (including medical) terms, names, or jargon. |
| e. | Case names and citations. |
| f. | Pronunciation of unusual or difficult words or names. |

This notice need not be filed but must be provided via e-mail to Jennifer Pancratz at jennifer_pancratz@azd.uscourts.gov. Counsel also must advise the court reporter as soon as possible if they would like to receive a real-time feed or daily turnaround transcript of the proceedings.

9. <u>Compliance Required</u>. The Court wishes to emphasize to the parties that it views compliance with the provisions of this Order as critical to its case management responsibilities and to the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure. Thus, full and complete compliance with this Order is required.

Dated this 21st day of January, 2025.

Dominic W. Lanza
United States District Judge